# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KEITH TURNER,

    Plaintiff,

v.

ACTING COMMISSIONER FOR THE INTERNAL REVENUE SERVICE, and the INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT.

    Defendants.

Case No. 1:23-cv-00001-JMK

## **ORDER OF DISMISSAL**

On February 6, 2023, self-represented litigation, Keith Turner ("Plaintiff") filed a civil complaint, a request to waive the filing fee, summons, and six motions.[1] Plaintiff resides in Carmel, Indiana and brings suit against the Acting Commissioner of the Internal Revenue Service ("IRS")[2] and the Indianapolis Police Department. Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[3] Federal courts also have an independent obligation to ensure that they do not exceed the scope of their

---

[1] Docket 1-9.

[2] Plaintiff named Acting Commissioner Doug O'Donnell, who was replaced by Commissioner Daniel Werfel on March 13, 2023.

[3] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

jurisdiction.[4] To avoid dismissal, a plaintiff must make a *prima facie* showing of jurisdictional facts.[5] Proper venue is also a concern when a complaint names out-of-state parties.[6] For the reasons explained below, Plaintiff's Complaint is dismissed on jurisdictional grounds and all pending motions denied as moot.

## DISCUSSION

Plaintiff resides in Carmel, Indiana.[7] Plaintiff names the Acting Commissioner of the IRS in Washington D.C. and the Indianapolis Police Department in Indiana as Defendants.[8] All events giving rise to this case seem to have occurred in Indiana.[9] Plaintiff has not provided any reason why he believes the District of Alaska has jurisdiction or could be considered a proper venue.

### I.  Subject-Matter Jurisdiction

"[F]ederal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis."[10] In general, a federal court has original jurisdiction over actions involving a federal question,[11] and actions between citizens of different states involving an amount in controversy greater than

---

[4] *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428 (2011).

[5] *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir.1987).

[6] 28 U.S.C. S 1391(b).

[7] Docket 1 at 9.

[8] Docket 1 at 10-11.

[9] *See generally,* Docket 1.

[10] *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

[11] 28 U.S.C. § 1331.

Case No. 1:23-cv-00001-JMK, *Turner v. O'Donnell et al*
Order of Dismissal
Page 2 of 4

$75,000.[12] A party asserting that a federal court has jurisdiction over an action bears the burden of establishing it.[13]

## II. Personal Jurisdiction

A plaintiff must show that a court has personal jurisdiction over an out-of-state defendant.[14] "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."[15] "Due process requires that [a] defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' "[16]

## III. Venue

Venue is proper in a judicial district "in which any defendant resides, if all defendants are residents of the State in which the district is located," or where "a substantial part of the events or missions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[17]

## CONCLUSION

---

[12] 28 U.S.C. § 1332(a).

[13] *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

[14] *Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015).

[15] *Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014).

[16] *Picot*, 780 F.3d at 1211 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

[17] 28 U.S.C. § 1391(b)(1)-(2); *see also* 28 U.S.C. §§ 1346(a), 1402(b) (venue may also be proper in the venue where the plaintiff resides in cases seeking recovery of any internal revenue tax).

Case No. 1:23-cv-00001-JMK, *Turner v. O'Donnell et al*
Order of Dismissal
Page 3 of 4
Case 1:23-cv-00001-JMK   Document 10   Filed 05/17/23   Page 3 of 4

Plaintiff has not addressed how this Court has jurisdiction over either Defendant or why this Court would be the proper venue for this case when none of the parties live in Alaska. Based on the allegations in the Complaint, the District of Alaska is not where a substantial part, or even any part, of the events or omissions giving rise to the claim occurred. The Court will not grant leave to amend here because doing so would prove futile[18] given the Court lacks personal jurisdiction; and venue is improper.[19] Because this case should be dismissed, all pending motions are denied as moot.

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED** without prejudice for lack of personal jurisdiction and improper venue.

2. All pending motions are **DENIED AS MOOT.**

3. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

4. The Clerk of Court shall issue a **final judgement.**

DATED this 17th day of May, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
UNITED STATES DISTRICT JUDGE

---

[18] *See Mueller v. Auker*, 700 F.3d 1180, 1191 (9th Cir. 2012) (holding that a district court did not err in dismissing a complaint without leave to amend where "it was clear that amendment would be futile"); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment ... is futile.").

[19] 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Case No. 1:23-cv-00001-JMK, *Turner v. O'Donnell et al*
Order of Dismissal
Page 4 of 4
Case 1:23-cv-00001-JMK   Document 10   Filed 05/17/23   Page 4 of 4